IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YELENA N.,[1] | ) |
|       Plaintiff, | ) |
| | ) No. 20 C 7787 |
| v. | ) |
| | ) Magistrate Judge |
| KILOLO KIJAKAZI, Acting | ) Maria Valdez |
| Commissioner of Social Security,[2] | ) |
|       Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Yelena N.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse or remand the Commissioner's decision [Doc. No. 14] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 19] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On December 28, 2017, Plaintiff filed a claim for DIB, alleging disability since February 28, 2017. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on December 11, 2019. Plaintiff personally appeared and testified at the hearing with the assistance of an English interpreter. Plaintiff was represented by counsel. A vocational expert ("VE") also testified at the hearing.

On June 3, 2020, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of February 28, 2017. At step two, the ALJ concluded that Plaintiff had a severe impairment of depression. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following non-exertional limitations: can learn, understand, remember, and carry out simple work instructions, make simple work-related decisions, and tolerate occasional changes in the work setting; cannot work with the public or perform customer service work; can work with co-workers occasionally, but not engage in teamwork or tandem work; cannot have an hourly job quota, but can tolerate end-of-day goals; cannot be in a high-pressure work environment (like in a restaurant during a lunch rush); and can attend and concentrate on work tasks in two-hour increments throughout the typical workday.

At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a home attendant, polysomnographic technician, or research assistant. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

3

months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his

5

conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ erred when she failed to find listing level severity at step three; (2) the ALJ's RFC assessment fails to adequately accommodate Plaintiff's functional limitations; (3) the ALJ improperly undermined Plaintiff's subjective statements; and (4) the ALJ's assessment of opinion evidence is unsupported by substantial evidence. Each argument will be addressed below in turn.

### A.     <u>Severity of Plaintiff's Mental Impairments</u>

In her step three analysis, the ALJ assessed the "paragraph B" criteria, namely, Plaintiff's impairments in the four broad areas of mental functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. The ALJ concluded that the criteria were not satisfied and Plaintiff did not have impairments that meet or medically equal the severity of any listed impairments. Plaintiff takes issue with the ALJ's step three analysis. Plaintiff maintains that the ALJ erred by not finding listing level severity. The Court disagrees.

With respect to understanding, remembering, or applying information, the ALJ found that Plaintiff has a moderate limitation. The ALJ explained that that determination was "consistent with the Stage agency psychological administrative findings." (R. 21.) The ALJ discounted an initial neurology consultation from December 2019, which showed some memory loss, as it was an incomplete evaluation and it was unclear if the findings were due to English being Plaintiff's second language. (*Id.*) The ALJ further reasoned that Plaintiff's claimed limitations were mostly in relation to her former high skill level work, and there was no indication that Plaintiff could not do unskilled work. (*Id.*) Given these explicit rationales, the Court finds that the ALJ's determination as to this functional area was adequate. *See Meghan S. v. Kijakazi*, No. 20 C 1592, 2021 U.S. Dist. LEXIS 172594, at *8-9 (N.D. Ill. Sep. 13, 2021) ("The ALJ's weighing of the evidence regarding the first paragraph B criterion was fully explained and is supported by

7

substantial evidence."). In particular, it was appropriate for the ALJ to rely on the findings of the State agency consultants, as "[i]t is well established that an ALJ is entitled to rely on the findings of state-agency experts to decide whether a claimant meets a listing at Step 3." *Lisa S. v. Saul*, No. 19 C 862, 2020 WL 5297028, at *7 (N.D. Ill. Sept. 4, 2020) (citations omitted).

With respect to interacting with others, the ALJ found that Plaintiff has a moderate limitation. In reaching that determination, the ALJ noted that "the State agency psychological consultants [had] found only mild limitation in this area." (R. 21.) Despite those findings, the ALJ found that "subsequent evidence supports somewhat greater limitation." (*Id.*) The ALJ noted an inconsistency between Plaintiff's claims that she has panic attacks because she is alone and Plaintiff's counselor's indication that Plaintiff keeps to herself. (*Id.*) Consistent with her finding that Plaintiff has a moderate limitation in this area, the ALJ acknowledged that it was reasonable for Plaintiff to have some reduced functioning socially as a result of her anxiety and depression. (*Id.*) Given the ALJ's explicit and reasoned analysis, the Court finds that the ALJ adequately supported her determination as to Plaintiff's ability to interact with others. It is notable that the ALJ found greater limitations than that opined by the State agency psychological consultants. *Cf. Elizabeth A. v. Saul*, No. 19 C 6024, 2021 U.S. Dist. LEXIS 8348, at *11 (N.D. Ill. Jan. 15, 2021) ("[T]he ALJ noted that the state agency reviewing psychological consultants opined that [the claimant] had moderate limitations in this area [of

8

interacting with others]. This evidence supports the ALJ's conclusion that [the claimant] did not have a marked limitation in this domain.").

With respect to concentrating, persisting, or maintaining pace, the ALJ reasoned as follows:

> With regard to concentrating, persisting or maintaining pace, the claimant has a moderate limitation. This is consistent with the State agency psychological administrative findings. Although APN [Morrill] Spagnola opines that the claimant has marked limitation maintaining attention and concentration for extended periods of time, he indicates that the claimant is not only able to carry out short/simple instructions, but also detailed instructions. While at times the claimant reports difficulties with concentration, despite there being limited objective medical findings supporting this, it is reasonable that she would have some episodic difficulties when her depression is not well controlled. However, there is no evidence that she is not able to do unskilled work; she is routinely lamenting the erosion of her higher-level skills. Therefore, the undersigned finds that the claimant's functioning independently, appropriately, effectively, and on a sustained basis in this area is fair.

(R. 21 (citations omitted).)

Again, in reaching her determination as to this functional area, the ALJ relied on the State agency consultants, which she was entitled to do. *See Lisa S.*, 2020 WL 5297028 at *7 (N.D. Ill. Sept. 4, 2020). The ALJ was also entitled to discount the opinions of APN Spagnola as internally inconsistent. *See Carissa T. v. Kijakazi*, No. 20 C 3185, 2022 WL 2802327, at *3 (N.D. Ill. July 18, 2022) ("If the [medical] opinion is contradicted by other evidence or is internally inconsistent, the ALJ may discount it so long as she provides an adequate explanation for doing so.") (citations omitted). Ultimately, given the ALJ's explicit reasoning quoted above, the Court finds that the ALJ's determination as to this functional area was not erroneous. *See Meghan S.*, 2021 U.S. Dist. LEXIS 172594 at *17 ("Although [the

claimant] disagrees with the ALJ's interpretation of the CPP evidence, the ALJ's interpretation was not unreasonable and she did not fail to consider any relevant line of evidence. Where reasonable minds could differ, the Court must defer to the ALJ's conclusion. The ALJ's finding that [the claimant] is no more than moderately limited in concentrating, persisting, or maintaining pace is thus supported by substantial evidence.") (citation omitted).

Finally, with respect to adapting or managing oneself, the ALJ found that Plaintiff has a moderate limitation. In support of her finding, the ALJ noted that a moderate limitation was "consistent with the State agency psychological administrative findings." (R. 21.) Again, the ALJ was entitled to rely on the State agency consultants in finding a moderate limitation in this functional area. *See Lisa S.*, 2020 WL 5297028 at *7 (N.D. Ill. Sept. 4, 2020). The ALJ also reasoned that Plaintiff's activities of daily living are fairly intact, which supports the ALJ's determination that Plaintiff's abilities to adapt and manage herself were not severely limited. Given the ALJ's explicit rationales based on evidence in the record, the Court finds that the ALJ's determination as to this functional area was based on substantial evidence. *See Meghan S.*, 2021 U.S. Dist. LEXIS 172594 at *17-18 ("[The claimant] challenges the ALJ's failure to find no more than mild limitations in her capacity to adapt or manage herself. In making a determination regarding this domain, the ALJ recognized [the claimant's] difficulties adapting and managing herself, but relied on her ability to learn routines and take care of her own self-care and household chores with some support from her mother. . . . Contrary to [the

10

claimant's] claims, this is sufficient evidence to support the ALJ's conclusion that [the claimant] is only mildly limited in the functional area of adapting or managing oneself.").

Ultimately, the Court finds that the ALJ's step three conclusions were predicated on substantial evidence pertinent to the four criteria and were supported by the requisite analytical logical bridges. Accordingly, there are no issues with the ALJ's step three determination that would require remand. The Court declines Plaintiff's invitation for the Court to reweigh the evidence as to Plaintiff's mental impairments, which is forbidden. *See Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) ("We will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it.") (citations omitted).

### B.     Concentration, Persistence, or Pace

As detailed above, the ALJ determined that Plaintiff has a moderate limitation with concentration, persistence, or pace. The Court has already concluded that that determination was sufficiently supported. However, Plaintiff maintains that even if her limitations in this functional area are only moderate, the ALJ nonetheless failed to properly account for Plaintiff's limitations in the RFC. The Court disagrees.

The ALJ determined in her RFC assessment that Plaintiff has the ability to "learn, understand, remember and carry out simple work instructions [and] make simple work related decisions." (R. 22.) Plaintiff argues that "[l]imiting an

11

individual such as Plaintiff to simple routine tasks with simple work-related decisions does not adequately account for her limitations in concentration, persistence, or pace." (Pl.'s Memo. At 12.) However, an ALJ's use of catchall phrases (such as "simple, routine tasks") in an RFC, without more, does not necessitate remand. *See Recha v. Saul*, 843 F.App'x 1, 4 (7th Cir. 2021) (noting that the use of boilerplate language, by itself, is not reversible error). Furthermore, crucially, Plaintiff has not articulated what sort of verbiage the ALJ should have used with respect to her asserted limitations with concentration. *See Martin v. Saul*, 950 F.3d 369, 374 (7th Cir. 2020) ("Although [the claimant] complains that the pace requirements are too vague, there is only so much specificity possible in crafting an RFC. The law required no more."); *Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019) ("It is unclear what kinds of work restrictions might address Jozefyk's limitations in concentration, persistence, or pace because he hypothesizes none."). Moreover, and in any event, the Court rejects Plaintiff's argument because the RFC goes beyond boilerplate terms and provides that Plaintiff can "not have an hourly job quota, but [can] tolerate end of day goals; [can] not be in a high pressure work environment . . . and can attend and concentrate on . . . work tasks in 2 hour increments throughout the typical workday." (R. 22.) The Court finds that, in setting forth these specific accommodations, the ALJ's RFC assessment sufficiently accounted for Plaintiff's moderate limitation in concentration, persistence, or pace.

12

## C. The ALJ's Assessment of Plaintiff's Subjective Symptoms

Plaintiff argues that they ALJ erred in finding Plaintiff's reported symptoms not entirely credible. With respect to Plaintiff's alleged symptoms, the ALJ reasoned as follows:

> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent because the alleged severity is not supported by the medical records. Many of the claimant's complaints do not persist or are not durational, or she does not follow up with recommended treatment. Persistent throughout the record are psychiatric symptoms of anxiousness and depression but of variable degree. Largely with medications, she reports improvement and consequently improvement in the subjective reporting scales, as discussed above. Although, while she sometimes will have panic attacks, these panic attacks would not be expected to significantly impact work, because she reports having them at home. It is difficult to attribute the alleged degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence discussed in this decision.
>
> The claimant's activities are inconsistent with her complaints. She has engaged in volunteer work, made trips to Russia, and does her activities of daily living. It is worth noting that the claimant previously performed a very highly skilled job (SVP 8). She has attributed her loss of employment to a number of reasons, including her making mistakes, but also the lab closing. But, even if the claimant stopped working because of her condition, difficulties completing complex work does not translate into disability. She has subsequently done some volunteering and schooling, although she minimized both of these activities during the hearing.

(R. 26 (citations omitted).) So, in discounting Plaintiff's alleged symptoms, the ALJ reasoned that Plaintiff's allegations are not supported by the medical record; not durational; managed by medication; and inconsistent with her travel, volunteer work, and daily activities.

This Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill,* 864 F.3d 523, 528

13

(7th Cir. 2017) (internal quotations and citation omitted). "[P]atently wrong . . . means that the decision lacks any explanation or support." *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014) (citation omitted). Under that standard, the Court finds that, per the ALJ's explanation and support quoted and outlined above, the ALJ reasonably determined that Plaintiff's subjective symptoms were not fully corroborated. *See Atkins v. Saul*, 814 F. App'x 150, 155 (7th Cir. 2020) ("Here, the ALJ otherwise explained his conclusion adequately. He explained that the objective medical evidence and Atkins's daily activities did not corroborate his subjective symptoms.") (citations and internal quotations omitted); *Prill v. Kijakazi*, No. 21-1381, 2022 U.S. App. LEXIS 1072, at *23 (7th Cir. Jan. 13, 2022) ("Substantial evidence supports the ALJ's determination that Prill's account of her subjective symptoms was not consistent with her medical records."); *Ray v. Saul*, 861 F. App'x 102, 107 (7th Cir. 2021) ("Because the ALJ's weighing of [claimant's] reported symptoms in the context of the whole record is supported by substantial evidence, we find no reversible error on this front either."); *Schrank v. Saul*, 843 F. App'x 786, 789 (7th Cir. 2021) ("[T]he ALJ's credibility determination was not 'patently wrong,' because she found [claimant] not credible for several reasons that were adequately supported by the record.") (citation omitted); *cf. Lacher v. Saul*, 830 F. App'x 476, 478 (7th Cir. 2020) ("The ALJ's rationale here was thin, but it was adequate to reflect her conclusion that the objective medical evidence and Lacher's daily activities did not corroborate his subjective symptoms."). Ultimately, Plaintiff has not shown that the ALJ's evaluation of her alleged symptoms was "patently wrong,"

14

as was Plaintiff's burden. *See Horr v. Berryhill*, 743 F. App'x 16, 19–20 (7th Cir. 2018). Accordingly, the Court finds Plaintiff's third argument unavailing.

### D. The ALJ's Evaluation of Opinion Evidence

In advancing her final argument, Plaintiff contends that the ALJ improperly weighed the opinions of Plaintiff's Advanced Practice Nurse, Morrill Spagnola. Because Plaintiff filed her claim after March 27, 2017, the ALJ was required to evaluate the medical opinion evidence under regulations applicable to claims filed on or after that date. 20 C.F.R. § 404.1520c (2017). Under this regulation, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). An ALJ is instead required to articulate "how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). Factors to be considered in this evaluation include supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(a), (c). Supportability and consistency are the two most important factors. 20 C.F.R. § 404.1520c(a); *see* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."). An ALJ's decision must explain how she

15

considered the factors of supportability and consistency, but she is not required to explain how she evaluated the other factors. 20 C.F.R. § 404.1520c(b)(2).

Here, the ALJ found APN Spagnola's opinions unpersuasive. In discounting the opinions, the ALJ provided examples and explained that APN Spagnola "opines to widely divergent limitations within the same areas." (R. 27.) The ALJ also noted that APN Spagnola's "medical source statement . . . contains a GAF of 60-70, which is inconsistent with his overall opinion." (*Id.*) The ALJ further explained that "APN Spagnola does not give any explanation for these limits nor are marked or greater limitations supported by the longitudinal record." (*Id.*) Given these rationales, the Court finds that the ALJ adequately considered and explicated consistency (in finding the opinions divergent and internally inconsistent) and supportability (in finding the opinions unexplained and not supported by the medical record). *See* 20 C.F.R. § 404.1520c(b)(2). Ultimately, the Court rejects Plaintiff's final argument.

## CONCLUSION

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, Plaintiff's motion to reverse or remand the Commissioner's decision [Doc. No. 14] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 19] is granted.

**SO ORDERED.**   ENTERED:

**DATE:   August 3, 2022**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**

16